**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Benjamin N. Hadley,                        )<br>                                                     )<br>              Plaintiff,                         )<br>                                                     )<br>       vs.                                          )<br>                                                     )<br> City of Holbrook; Holbrook Police )<br> Department,                                 )<br>                                                     )<br>              Defendants.                    )<br>_____) | No. CV 12-08134-PCT-FJM<br><br>**ORDER** |

The court has before it defendants' motion to dismiss (doc. 7), plaintiff's response (doc. 12), and defendants' reply (doc. 15). Defendants move to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.

Plaintiff filed his original complaint on July 3, 2012. On July 30, 2012, he filed a motion to amend with a proposed amended complaint (doc. 6). Despite not having been served, defendants filed a motion to dismiss on August 22, 2012, stating that their motion could be applied to plaintiff's original or proposed amended complaint. Therefore, the court granted plaintiff's motion and allowed him to amend his complaint even though he failed to comply with LRCiv 15.1 and LRCiv 5.4.

A party is entitled to only one amendment as of right. Rule 15, Fed. R. Civ. P. Yet plaintiff has twice amended. After we issued our order, plaintiff mailed the court a notice of withdrawal purporting to withdraw his original complaint. He then filed a "STANDING Amended Complaint" (doc. 13) which differs from the proposed amended complaint. He did not obtain defendants' written consent or seek leave from the court to amend a second time,

1 in contravention of Rule 15(a)(2), Fed. R. Civ. P. In addition, he once again fails to comply
2 with LRCiv 15.1.

3   Plaintiff also fails to comply with our order granting leave to amend, in which we
4 instructed plaintiff to "file and serve the amended complaint on all defendants under Rule 5,
5 Fed. R. Civ. P., within fourteen days of the filing of this order, pursuant to LRCiv 15.1" (doc.
6 8). There is no evidence that he has served defendants with a single document throughout
7 this litigation.

8 **I**

9   When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a
10 court must construe the complaint in the light most favorable to the plaintiff and must accept
11 all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th
12 Cir. 2000). On the other hand, a court is "not bound to accept as true a legal conclusion
13 couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.
14 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944
15 (1986)). To survive a motion to dismiss, the complaint must contain "enough facts to state
16 a claim to relief that is plausible on its face." Id. at 570, 127 S. Ct. at 1974. "A claim has
17 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
18 reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.
19 Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Dismissal may be "based on the lack
20 of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
21 theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

22 **II**

23   Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from
24 discriminating against an individual with a disability. 42 U.S.C. § 12132. To state a claim,
25 plaintiff must allege four elements: (1) he is an individual with a disability; (2) he is
26 otherwise qualified to participate in or receive the benefit of a public entity's services,
27 programs, or activities; (3) he was either excluded from participation in or denied the benefits
28 of the public entity's services, programs, or activities, or was otherwise discriminated against

1  by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by
2  reason of his disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

3  Plaintiff's proposed amended complaint alleges that defendant Holbrook Police
4  Department accused plaintiff of yelling at officers, that he told officers he is hard of hearing,
5  and that they harassed him because of a leash law.  His complaint does not state a facially
6  plausible claim because it does not contain any facts showing that plaintiff is entitled to
7  relief.  Moreover, he fails to allege even a single element of a cause of action for disability
8  discrimination.  He has neither a cognizable legal theory nor sufficient facts to support a
9  claim under Title II of the ADA.

10  Even were we to adopt plaintiff's second amended complaint as the operative
11  pleading, it still falls short of stating a claim.  He states that he is disabled but provides no
12  information about his impairments, preventing the court from determining whether he meets
13  the definition of disability found in 42 U.S.C. § 12102(2).  He does not address the remaining
14  three elements at all.  Besides his ADA claim, he adds a claim for violations of constitutional
15  rights to this complaint (doc. 13 at 2).  But the court cannot divine which rights he believes
16  were violated.  The complaint has no cognizable legal theories.

17  Plaintiff has now filed three complaints, none of which come close to stating a cause
18  of action.  "Where the plaintiff has previously been granted leave to amend and has
19  subsequently failed to add the requisite particularity to its claims, the district court's
20  discretion to deny leave to amend is particularly broad." Zucco Partners, LLC v. Digimarc
21  Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (quotation omitted).  Plaintiff has repeatedly failed
22  to cure deficiencies in his complaint.  Any further attempt to amend would be futile.

23  **IT IS ORDERED GRANTING** defendants' motion to dismiss with prejudice (doc.
24  7).  We urge plaintiff to seek the advice of a lawyer.

25  DATED this 25th day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge